IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


IAN A. BISHOP, FN-8952,                )
    Petitioner,                          )
                                       )
        v.                           )  2:10-cv-465
                                       )
COMM. OF PENNSYLVANIA, et al.,         )
    Respondents.                         )


MEMORANDUM and ORDER

Mitchell, M.J.:

Ian A. Bishop has presented a petition for a writ of habeas corpus. For the reasons set

forth below, the petition will be dismissed and because reasonable jurists could not conclude that

a basis for appeal exists, a certificate of appealability will be denied.

Bishop is presently incarcerated at the State Correctional Institution at Cresson serving a

20 to 40 year sentence imposed following his conviction by a jury of third degree murder and

criminal conspiracy at No 2292 of 2002 in the Court of Common Pleas of Westmoreland County,

Pennsylvania. This sentence was imposed on October 30, 2003.[1]

An appeal was taken to the Superior Court in which the issues presented were:

A. Did the lower court err relative to decertification of the Defendant as a
juvenile?

B. Did the lower court err [in] not recusing?

C. Did the lower court err in prohibiting cross examination of Commonwealth
witnesses relating to drug activity which proposed questioning was proper for
purposes of credibility?

---

[1] See: Petition at §§ 1-6.

D. Did the lower court err in ruling during trial that psychological reports and statements of the defendant could be utilized if the Defendant testified for impeachment purposes having ruled that the statements could not be utilized by the Commonwealth during his case in chief in accordance with the juvenile act and the privilege of the Defendant with a psychotherapist?

E. Did the lower court err in not granting Defendant's Motion relative to the jury panel not being a jury of Defendant's Peers?[2]

On May 24, 2005, the judgment of sentence was affirmed.[3]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which

the questions presented were:

A. Did the Superior Court err in affirming the lower court with regard to relative to decertification of the Defendant as a juvenile?

B. Did the Superior Court err in affirming the lower court with regard to its decision not to recuse?

C. Did the Superior Court err in affirming the lower court ruling prohibiting cross examination of Commonwealth witnesses relating to drug activity which proposed questioning was proper for purposes of credibility?[4]

On October 25, 2005, leave to appeal was denied.[5]

On January 18, 2007, Bishop submitted a post-conviction petition to the Court of

Common Pleas.[6] On January 25, 2008, that petition was dismissed.[7]

---

[2] See: The attachments to the answer at p. 372.

[3] Id. at pp.434-452.

[4] Id. at p.459.

[5] Id. at p.518.

[6] Id. at. p.25 and petition at § 11(a)(3).

[7] Id. at p.28.

An appeal was taken to the Superior Court in which the issues presented were:

1. Whether trial counsel gave ineffective assistance for failing to properly ensure that Appellant waive[d] his absolute right to a "no adverse inference" instruction?

2. Whether the PCRA Court erred in ruling for the first time in a final order that issues were waived when Appellant failed to file a supporting brief and/or argue the alleged waved issues?

3. Whether trial counsel gave ineffective assistance for failing to object to the oath that was given to all of the witnesses at trial?[8]

On August 3, 2009, the denial of post-conviction relief was affirmed.[9]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the questions presented for review were:

1. Whether trial counsel gave ineffective assistance for failing to properly ensure that Petitioner waived his absolute right to a "non adverse inference" instruction?

2. Whether trial counsel gave ineffective assistance for failing to object to the oath that was given to all of the witnesses at trial?[10]

On December 29, 2009, leave to appeal was denied.[11]

The instant petition was executed on April 5, 2010. In it, Bishop contends he is entitled to relief on the following grounds:

1. Petitioner's 5th and 14th amendment rights were violated as a result of the trial court's abuse of discretion in setting an impossible standard for the petitioner's decertification to the juvenile court.

---

[8]. Id. at p.575.The only issue raised which cited to a United States Supreme Court case was the reference to Carter v. Kentucky, 450 U.S. 288 (1981) raised in conjunction with the first issue on appeal (see: Answer at p.590).

[9] Id. at pp.671-685.

[10] Id. at p. 692.  The issues were also raised in a federal context.

[11] Id. at p.762.

2. Petitioner's 5th, 6th, and 14th amendment rights were violated as a result of the Court's abuse of discretion in refusing to recuse herself despite her prejudicial bias against the Petitioner at both the decertification hearing and at trial.

3. Petitioner's 6th and 14th amendment rights were violated as a result of the Court's abuse of discretion in prohibiting the cross examination of the Commonwealth's witnesses relative to their drug activity for the purpose of determining their credibility.[12]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d

---

[12] See: Petition at ¶ 12.

Cir. 1995).

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413

(2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Bronshtein v. Horn</u>, 404 F.3d 700, 723 (3d Cir.2005), cert .denied 546 U.S. 1208

(2006), the Court held:

> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

In the instant case, the petitioner raised the issues he seeks to raise here as issues A ,B and

C of his direct appeal and not in the post-conviction proceedings. However, the inquiry does not

end here. Rather, it order to preserve federal issues for subsequent consideration in a federal

habeas corpus filing, the state courts must be specifically presented with notice that an issue raised in those courts specifically alleges a violation of federally protected rights. Baldwin v. Reese, 541 U.S. 27 (2004). That is, a petitioner must present a federal claim's factual and legal basis to the state courts in such a manner as to put them on notice that a federal claim is being asserted. Halloway v. Horn, 355 F.3d 707 (3d Cir.2004).

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here.

An examination of the petitioner's brief on appeal to the Superior demonstrates that in presenting issues A and B the petitioner totally failed to put the Court on notice that a federal claim was being raised.[13] In claim C concerning the limitation of his cross-examination of prosecution witnesses, the reference to federal case law is only for the proposition that "cross examination is the primary method for testing the believability of a witness and the truth of his testimony."[14]

Thus there appears little to support a conclusion that the state courts were put on notice that a federal claim was being raised. For these reasons the petition is subject to dismissal.

However, out of an abundance of caution, we also look at the merits of the petitioner's

---

[13] Id. at pp.378-402.

[14] Id. at p.404.

claims. The factual background is set forth in the May 24, 2005, Memorandum of the Superior

Court:

> The record in this matter establishes that on April 19, 2002, Bishop, with the help
> of co-conspirator Robert Laskowski, bludgeoned his brother Adam with a claw
> hammer, crushing his skull. The coroner's autopsy report documented at least 18
> separate impacts to the victim's head accompanied by lacerations of the dura and
> related damage to the brain. Bishop, four years younger that Adam, enlisted
> Laskowski to restrain him during the assault and then to carry his blood-spattered
> body to the bathtub. As the victim lay in the tub, Bishop called his friend, Mather
> Bumbaugh, and asked for help. When Bumbaugh arrived with his mother, Teri
> Lynn, he saw Bishop ascending the stairs to the second floor drinking milk from a
> gallon jug, the bottom of his socks soaked with blood The Bumbaughs followed
> him and, upon entering the bathroom, saw Adam lying in the tub, the shower
> running and water rising around his head. They also noted a hole in the back of his
> skull three to four inches in diameter and bubbles coming from his mouth. When
> Mrs. Bumbaugh remarked that they had to turn off the water or Adam would
> drown, Bishop remarked "that might be good."
>
> Because the crime of murder is not subject to disposition under the Juvenile Act,
> Bishop's case proceeded in criminal court before the Honorable Debra A. Pezze.
> Given his age, Bishop sought certification of the case to juvenile court.. The trial
> court ... concluded that the public interest would not be served by adjudication of
> his case in juvenile court. Accordingly, Judge Pezze denied Bishop's motion...[15]

The petitioner sought the transfer of the prosecution from criminal court to a juvenile

adjudication  under 42 Pa.C.S.A. 6322 (a) which specifically exempts transfer of murder

prosecutions except where "the child ... establish[es] by a preponderance of the evidence that the

transfer will serve the public interest. In determining whether the child has so established that the

transfer will serve the public interest, the court shall consider [certain factors]."  Thus, the

decision of whether or not to transfer a criminal prosecution is one relying on state court law, and

as such is not amenable to consideration here. Taylor v. Horn, 504 F.3d 416 (3d Cir.2007), cert.

denied, 129 S.Ct. 92 (2008).

---

[15] Id. at pp. 435-437.

The petitioner's second issue is an alleged Constitutional violation as a result of the trial court's refusal to recuse herself. Specifically, as the Superior Court noted, this allegation arose in conjunction with a statement reported in the local newspaper that during the proceedings to determine whether or not the matter should be transferred to juvenile court the judge stated "this is a textbook case of willful, deliberate, premeditated murder."[16]  As the Superior Court continued, the statement was taken out of context, the entire statement being "it is, *at least the allegations, if the allegations are accepted,* it is a textbook case of willful, deliberate, premeditated murder."[17] Under Pennsylvania law, the burden is on the movant for recusal to demonstrate matters which raise an inference of lack of impartiality or creates an appearance of impropriety. Commonwealth v. Abu-Kamal, 720 A.2d 79, 89 (Pa.1998). A similar standard applies to federal judges. 28 U.S.C. 455. Because, no such inference is demonstrated here, and because the matter was decided on the basis of state law, it is not subject to review here.

The final issue which the petitioner seeks to raise here concerns the limitations placed on the cross-examination of prosecution witnesses concerning prior "bad acts." Specifically, the Superior Court citing to appellant's brief noted,

> While Bishop acknowledges that there were, at the time, no outstanding charges against those witnesses, *it was not outside the realm of possibilities* that the witnesses were worried that drug dealing admitted on the stand (during cross) might result in criminal culpability (emphasis added).[18]

Thus, there was no legal basis for raising the issue as it involved mere speculation. In addition,

---

[16] Id. at p. 444.

[17] Id. at p. 446.

[18] Id. at p. 448.

generally, matters of state evidentiary rulings are not subject to review in federal proceedings. Jimenez v. Walker, 458 F.3d 130, 147 (2d Cir.2006).

Because as a matter of federal law, the issues which the petitioner seeks to raise here were not raised in the state courts as allegations of decisions contrary to or providing an improper application of federal law as determined by the United States Supreme Court he has failed to exhaust his state court remedies. Additionally, as matters of state law, his claims would likewise not be subject to review here. Accordingly, the petition of Ian A. Bishop for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for relief exists, and certificate of appealability will be denied.

ORDER

AND NOW, this 27th day of July, 2010, for the reasons set forth in the foregoing

Memorandum, the petition of Ian A. Bishop for a writ of habeas corpus is denied and because

reasonable jurists could not conclude that a basis for relief exists, and certificate of appealability is

denied.


s/ Robert C. Mitchell
United States Magistrate Judge